# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**DAVID J. THOMPSON,**

        **Plaintiff,**

  v.                            **Case No. 24-CV-817**

**SGT. JOHN ZBARACKI,**

        **Defendant.**

---

### DECISION AND ORDER

---

Plaintiff David J. Thompson, who is incarcerated and representing himself, brings this lawsuit under 42 U.S.C. § 1983. Thompson was allowed to proceed on an Eighth Amendment claim against defendant Sgt. John Zbaracki for allegedly failing to prevent Thompson from self-harming. Zbaracki filed a motion for summary judgment, which is fully briefed and ready for a decision. (ECF No. 27.) The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 5, 15.)

### FACTS

At all times relevant Thompson was incarcerated at Waupun Correctional Institution. (ECF No. 29, ¶ 1.) Zbaracki was a correctional officer at Waupun. (*Id.*, ¶¶ 2-3.)

In his response to the defendants' motion for summary judgment Thompson alleges that on April 9, 2024, he "was in a very depressed state of mind due to his brother having [passed] and he was having thoughts of killing himself." (ECF No. 44, ¶ 6.)

Thompson sat down at his desk in his cell and "began to break down a razor." (*Id.*) Thompson asserts that, as he was breaking down the razor, Zbaracki was doing "rounds" and could "visually see" Thompson "extracting the razor out of its plastic casing." (*Id.*, ¶ 7.) Zbaracki asked Thompson why he was breaking the razor. (*Id.*) Thompson told Zbaracki that his brother had died and he did not want to live anymore so he was going to use the razor to kill himself. (*Id.*)

Thompson asserts that Zbaracki began berating him, saying "I don't believe you at all, if your [*sic*] going to do it then do it now and let me see you do it, go on ahead and kill yourself you worthless little scumbag, you'll just be ridding the world of yet another criminal in my society." (ECF No. 44, ¶ 7.) When Thompson stated that he "wasn't playing," Zbaracki gave him advice on how to slit his wrists. (*Id.*) Zbaracki then left. (*Id.*) Shortly thereafter, Thompson states he cut his wrist and the left side of his neck open with the razor. (*Id.*, ¶¶ 8-10.)

Zbaracki at some point came back to Thompson's cell and asked him why he wasn't cutting himself "the right way". (ECF No. 44, ¶ 11.) Zbaracki also stated that, because Thompson had told other prisoners around his cell what he was doing, he was going to have to "radio this in now". (*Id.*) Thompson states that he was "bleeding badly" and that "there was a lot of blood on the floor." (*Id.*, ¶ 12.) Zbaracki called non-defendant Sergeant Zepka, informing him that Thompson had a razor blade and that there was a lot of blood on the ground. (*Id.*) At approximately 10:17 a.m., non-defendants Lieutenant Ryan Hintz and Captain Varnisha Bowen arrived at Thompson's cell to assist him. (*Id.,*

2

¶ 13.) Thompson states he was "dizzy and disoriented," so the details are hard to recall, but he knows he was taken to the Health Services Unit (HSU). (*Id.*, ¶¶ 13-14.)

The court notes that Thompson's allegations in his amended complaint are very different. In the amended complaint Thompson alleges that at approximately 9:46 a.m. he told Zbaracki he was going to harm himself with a razor. (ECF No. 10 at 2.) Zbaracki attempted to talk Thompson out of it, but Thompson responded that, if Zbaracki would not pull him out of his cell, he was going to cut his wrist open. (*Id.*) Zbaracki left and Thompson began cutting himself. (*Id.*) Thompson cut open his wrist and neck with the razor blade. (*Id.*) Non-defendant correctional officer Hercenroden, during medication pass, stopped by Thompson's cell and Thompson told him that he cut his wrist and neck. (*Id.*) Hercenroden then walked off. (*Id.* at 3.) At approximately 10:12 a.m., Zbaracki returned to Thompson's cell and Thompson showed him his wrist and neck. (*Id.*) Zbaracki asked Thompson if he was going to come out of his cell and Thompson said he would not. (*Id.*) So Zbaracki called Hintz and Bowen, who came to Thompson's cell to take him to HSU. (*Id.*)

According to Zbaracki, at approximately 9:46 a.m., he walked past Thompson's cell and Thompson called out to him. (ECF No. 29, ¶ 5.) Zbaracki states he does not recall the conversation he had with Thompson. (*Id.*, ¶ 6.) Zbaracki asserts that, if Thompson had shown him a razor or stated he was going to cut himself, he would have gotten help right away. (*Id.*, ¶¶ 6-10.) Zbaracki never saw a razor. (*Id.*, ¶¶ 11-12.)

Zbaracki also notes that, according to the tier surveillance footage, at approximately 9:51 a.m., 9:56 a.m., and 9:58 a.m., correctional officers walked past

Thompson's cell but Thompson did not stop them. (ECF No. 29, ¶ 13; ECF No. 32.) The video also shows that, at approximately 10:09 a.m., a correctional officer conducted a medication pass in the cell next to Thompson but did not interact with Thompson. (*Id.*)

At approximately 10:15 a.m., Zbaracki heard another prisoner yelling that Thompson was suicidal. (ECF No. 29, ¶ 15.) Zbaracki arrived at Thompson's cell and saw that he was holding his left forearm, and blood was running down his arm. (*Id.*, ¶ 16.) When Zbaracki asked Thompson why he was harming himself, Thompson responded, "I have a razor blade". (*Id.*, ¶ 17.) At approximately 10:17 a.m., Hintz and Bowman reported to Thompson's cell and tended to Thompson. (*Id.*, ¶ 20.) Because Hintz and Bowman had control of the situation, Zbaracki returned to his regular duties. (*Id.*)

Non-defendant nurse Matthew Barth examined Thompson and noted that Thompson had two "small lacerations" on his wrist that were treated with Bacitracin ointment and a bandage. (ECF No. 29, ¶¶ 25-26.) Thompson states that Barth did not address the cut to his neck. (ECF No. 44, ¶ 18.)

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment a party cannot just rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

Thompson claims that Zbaracki violated his Eighth Amendment rights when he failed to prevent Thompson from self-harming.

As noted above, the factual allegations in Thompson's amended complaint are different than the factual allegations in his materials submitted in response to Zbaracki's motion for summary judgment. The Seventh Circuit Court of Appeals has "explained that when a plaintiff's briefing alters his factual theory, he constructively amends his complaint, 'and the district court has discretion to deny the *de facto* amendment and to refuse to consider the new factual claims.'" *Ollison v. Gosset*, 136

5

F.4th 729, 739 (7th Cir. 2025) (quoting *Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852, 859 (7th Cir. 2017)).

It is clear that Thompson altered his story in an attempt to defend and defeat Zbaracki's motion for summary judgment. Because the allegations Thompson presents at summary judgment are different than the allegations in his amended complaint, the court determines that Thompson is attempting to constructively amend his complaint. As such, it will disregard the factual allegations Thompson presented at summary judgment.

The Eighth Amendment "protects prisoners from prison conditions that cause 'the wanton and unnecessary infliction of pain.'" *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "A § 1983 claim based upon a violation of the Eighth Amendment has both an objective and subjective element: (1) the harm that befell the prisoner must be objectively, sufficiently serious and a substantial risk to his or her health or safety, and (2) the individual defendants were deliberately indifferent to the substantial risk to the prisoner's health and safety." *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). In instances of self-harm or suicide, a plaintiff must allege that prison staff knew of a significant likelihood that he would imminently harm himself and failed to take reasonable steps to prevent the attempt. *Davis-Clair v. Turck*, 714 Fed App'x 605, 606 (7th Cir. 2018).

An Eighth Amendment claim of deliberate indifference, whether to medical needs or threats of self-harm, also requires "'evidence of a recoverable injury' . . . to support a constitutional tort." *Keith v. Carlson*, Case No. 22-cv-548-pp, 2025 WL 370115 at *12

6

(E.D. Wis. Jan. 31, 2025) (quoting *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020)). Here, no reasonable factfinder could conclude that Thompson suffered a recoverable injury. "[T]he Seventh Circuit has emphasized that, while suicide and self-harm are objectively serious risks, that risk is not compensable without evidence of injury." *Braithwaite v. Mink*, Case No. 24-cv-54-wmc, 2026 WL 114819 at *5 (W.D. Wis. Jan 15, 2026)(citing *Lisle v. Wellborn,* 933 F.3d 705, 716 (7th Cir. 2019); *Lord*, 952 F.3d at 905). Several cases within the Seventh Circuit hold that small cuts that require only bandages and ointment are not recoverable injuries. *Id. See Douglas v. Schwartz-Oscar*, No. 20-3489, 2021 WL 6102971, at *2 (7th Cir. Dec. 22, 2021) (physical injuries from self-harming that consisted of minor cuts and scratches treatable with band-aids and cream are not cognizable harms under the Eighth Amendment); *Keith,* 2025 WL 370115, at *11 (plaintiff's self-inflicted cuts that did not deeply penetrate skin and required only ointment to treat were not sufficiently serious injuries); *Artis v. Price*, No. 19-cv-303-wmc, 2021 WL 4086208, at *5-*6 (W.D. Wis. Sept. 8, 2021) (three pea-sized skin tears to self-harming inmate's forearm that required some cleaning, a band-aid and no follow-up care is not cognizable harm under the Eighth Amendment); *Davis v. Gee*, No. 14-CV-617-WMC, 2017 WL 2880869, at *6 (W.D. Wis. July 6, 2017) (plaintiff swallowing a "handful of Tylenol pills," which caused no significant symptoms and required no treatment, is not sufficient to sustain an Eighth Amendment claim).

Thompson does not refute that the only injuries he sustained were two "small lacerations" on his wrist that were treated with Bacitracin ointment and a bandage. (ECF No. 29, ¶¶ 25-26.) In his amended complaint he alleges he was "bleeding out" but

he offers no evidence—medical or otherwise—to support this allegation. He also states that the injury to his neck was not treated, but he does not describe the injury at all. Because there is no evidence refuting the allegations that his injuries were superficial, no reasonable factfinder could conclude that Thompson suffered a recoverable injury.

"Summary judgment is the proverbial put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 973 (7th Cir. 2020). "It is therefore incumbent on the party opposing a summary judgment motion to 'inform the district court of the reasons why summary judgment should not be entered'" *Reed v. Brex, Inc.*, 8 F. 4th. 569, 578 (7th Cir. 2021) (quoting *Riely v. City of Kokomo*, 909 F.3d 182, 190 (7th Cir. 2018)). Summary judgment is granted in Zbaracki's favor.

## CONCLUSION

For the foregoing reasons, Zbaracki's motion for summary judgment is granted. Zbaracki also argued he was entitled to qualified immunity, but because the court found in his favor on the merits it does not need to address the qualified immunity argument. Because there are no remaining claims, the case is dismissed.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Zbaracki's motion for summary judgment (ECF No. 27) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 28th day of July, 2026.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge

10

Case 2:24-cv-00817-WED    Filed 07/28/26    Page 10 of 10    Document 53